# United States Court of Appeals for the Fifth Circuit

———————

No. 23-50921
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Laura Lizbeth Rivera Ramos,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-510-1

———————————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Laura Lizbeth Rivera Ramos entered a conditional guilty plea to one count of conspiracy to transport aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (b)(i) and was sentenced to 12 months and one day of imprisonment, followed by two years of supervised release. She reserved her right to appeal the denial of her motion to suppress evidence

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

discovered from the investigatory stop of her vehicle by Deputy Brandon Rowe.

When reviewing an order denying a motion to suppress, we review the constitutionality of the stop de novo and factual findings by the district court for clear error. *United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015). Review is "particularly deferential" in assessing the district court's factual findings "based on live oral testimony." *United States v. Ortiz*, 781 F.3d 221, 226 (5th Cir. 2015) (internal quotation marks and citation omitted).

The legality of a traffic stop is examined under the two-pronged analysis described in *Terry v. Ohio*, 392 U.S. 1 (1968). *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2004). This appeal centers on the first *Terry* prong—whether the deputy's decision to conduct an investigatory stop was justified at its inception by reasonable suspicion. *See id.*

Traffic stops are supported by reasonable suspicion of unlawful activity when the officer has "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the seizure. *Terry*, 392 U.S. at 21. Reasonable suspicion is a "low threshold" requiring only a "minimal level of objective justification." *United States v. Smith*, 952 F.3d 642, 648 (5th Cir. 2020) (internal quotation marks and citation omitted). Courts will consider the totality of the circumstances, including the experience and any specialized training the officer has. *Id.* Even ordinarily innocent behavior can help to establish a "composite picture sufficient to raise reasonable suspicion in the minds of experienced officers." *United States v. Jacquinot*, 258 F.3d 423, 427-28 (5th Cir. 2001).

Here, the totality of the circumstances established reasonable suspicion. Rivera Ramos was intercepted in an area and at a time of high human smuggling frequency. *See United States v. Morales*, 191 F.3d 602, 604-05 (5th Cir. 1999); *United States v. Orozco*, 191 F.3d 578, 582 (5th Cir. 1999);

*United States v. Soto*, 649 F.3d 406, 409-10 (5th Cir. 2011). Furthermore, her truck was riding low as if heavily loaded, and Deputy Rowe had prior experience with human smuggling events involving many individuals in the truck bed, which caused the back of the truck to be weighed down. *See Orozco*, 191 F.3d at 582; *Morales*, 191 F.3d at 605-07.

Deputy Rowe also testified that he momentarily observed individuals concealed in the truck bed. *See United States v. Varela-Andujo*, 746 F.2d 1046, 1048 (5th Cir. 1982). Though Rivera Ramos argues that the dash camera did not support Deputy Rowe's testimony, Deputy Rowe testified that the dash camera did not capture the moment of his observation. Additionally, Rivera Ramos's re-creation of the stop was not sufficiently similar to the traffic stop to refute Deputy Rowe's testimony.

Thus, the traffic stop was justified at its inception based on reasonable suspicion. *See Brigham*, 382 F.3d at 506; *Ortiz*, 781 F.3d at 226. Accordingly, the judgment of the district court is AFFIRMED.